UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE D. CITIZEN,<br><br>               Plaintiff,<br><br>     v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>               Defendants. | Case No. 5:22-cv-00666-CJC-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.    BACKGROUND AND SUMMARY

On May 23, 2022, plaintiff Andre D. Citizen, a pretrial detainee who is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee ("IFP"), filed a Civil Rights Complaint ("Complaint" or "Comp.") pursuant to 42 U.S.C. § 1983 against the County of San Bernardino (the "County"), Superior Court Judge Dwight W. Moore, Deputy District Attorney Kathleen Fultz, Captain Victor Moreno of the County Sheriff's Department, and County Chief Executive Officer Leonard Hernandez. (Docket No. 5 at 1, 3-4).[1]

---

[1] Plaintiff initially filed the Complaint on April 14, 2022 (Docket No. 1), but that version was missing several pages, so the Court ordered him to submit a complete copy (Docket No. 4),
(continued...)

As plaintiff is a pretrial detainee and is proceeding IFP, the assigned Magistrate Judge screened the Complaint to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

On June 30, 2022, the Magistrate Judge issued an Order Dismissing Complaint with Leave to Amend and Directing Plaintiff to Respond to Order ("June Order").[2] (Docket No. 10). The June Order advised plaintiff that the Complaint was deficient for reasons described in the June Order, dismissed the Complaint with leave to amend, and directed plaintiff, within twenty days (*i.e.*, by July 20, 2022), to file one of the following: (1) a first amended complaint which cures the pleading defects described in the June Order; (1) a notice of dismissal; or (3) a notice of

---

[1](...continued)
which he filed on May 23, 2022 (Docket No. 5).

[2]Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim. Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See id. at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798). The June Order expressly notified plaintiff that (1) the June Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the June Order if such party did not seek review thereof or object thereto. (June Order at 12 n.7).

intent to stand on the Complaint.[3] The June Order expressly cautioned plaintiff that the failure timely to file a first amended complaint, a notice of dismissal, or a notice of intent to stand on the Complaint may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the June Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the June Order. (Docket No. 10).

On August 31, 2022, the Magistrate Judge granted plaintiff's application for an extension of time and extended his deadline to comply with the June Order to September 30, 2022 ("August Order"). (Docket No. 12). The August Order expressly cautioned plaintiff that absent a further extension of time, his failure to file a first amended complaint, a notice of dismissal, or a notice of intent to stand on the Complaint by the foregoing extended deadline may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action with or without prejudice on the grounds set forth in the June Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the August Order. (Docket No. 12).

The September 30, 2022 extended deadline to comply with the June Order expired without any action by plaintiff. Plaintiff has not sought a further extension of time to comply with the June Order, has not sought review of, or filed any objection to the June or August Orders and has not otherwise communicated with the Court since early August 2022.

As discussed below, this action is dismissed due to plaintiff's unreasonable

---

[3]Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that the Complaint, among other deficiencies, violated Rules 8 and 10(b) of the Federal Rules of Civil Procedure, was largely incoherent and apparently frivolous, and failed to demonstrate a constitutional violation based on allegations that plaintiff had been placed in shackles or other restraints while being transported to and from court, and that it appeared that defendants Moore and Fultz would be immune from any claims for damages

failure to prosecute and his failure to comply with the June and August Orders.

## II. PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In addition, where a Magistrate Judge originally dismissed the complaint with leave to

amend, the District Judge must review that decision before dismissing the entire action. See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action."). A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to file an amended complaint) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

### III.  DISCUSSION AND ORDER

First, the Court has reviewed the June Order and finds that it adequately and properly notified plaintiff of the deficiencies in the Complaint and – together with the August Order – afforded plaintiff an opportunity to amend effectively. This Court agrees with and adopts the June and August Orders, and finds that the Magistrate Judge properly dismissed the Complaint with leave to amend for the reasons discussed in the June Order.

Second, dismissal is appropriate based upon plaintiff's failure to comply with the June Order by the extended deadline set in the August Order, and the failure to prosecute. The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, plaintiff has been notified of the deficiencies in the Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon. Aside from seeking a single extension of time which expired months ago, he has done nothing. See Edwards, 356 F.3d at 1065. The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal. See

Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the June Order by the extended deadline set in the August Order, and plaintiff has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible. See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

    IT IS THEREFORE ORDERED that this action is dismissed based upon plaintiff's unreasonable failure to prosecute and his failure to comply with the June and August Orders.

    IT IS SO ORDERED.

DATED: December 28, 2022

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE